IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HARRIET M. KING and
MICHAEL A. KING,

        Plaintiffs

v.                                    CIVIL ACTION NO. 3:09-0744

JP MORGAN CHASE BANK, N.A.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 24). For the reasons explained below, the Court **DENIES** the motion.

**Background**

The parties agree on the basic facts giving rise to this action. On April 3, 2003, Plaintiffs purchased real property at 2839 Washington Blvd. in Huntington, West Virginia. Ms. King delivered to JPMorgan Chase, a Deed of Trust in the amount of $78,750.00, which was secured by the property at 2839 Washington Blvd. The Deed of Trust was only executed by Ms. King.

On June 29, 2005, Plaintiffs purchased property at 2849 Washington Blvd. In Huntington, West Virginia. Plaintiffs delivered a separate Deed of Trust to JPMorgan Chase for this property in the amount of $49,275.00, which was secured by the property at 2849 Washington Blvd.

On May 22, 2009, Plaintiffs filed the instant civil action against Defendant JPMorgan Chase in the Circuit Court of Cabell County, West Virginia, asserting claims for violations of the West

Virginia Consumer Credit Protection Act (WVCCPA).  On June 29, 2009, JPMorgan Chase removed the action to this court, based on diversity jurisdiction.  Defendant JPMorgan Chase filed an initial motion for partial dismissal on August 25, 2009.  This initial motion for partial dismissal was resolved by stipulation, and Plaintiffs amended their complaint in compliance with their agreement.

On March 15, 2009, Defendant JP Morgan Chase filed a second motion for partial dismissal, against the Amended Complaint.  In its motion, Defendant challenged Count I, which alleges Defendant failed to accept loan payments in violation of W.Va. Code § 46A-2-115, and the claim for "[r]easonable damages for emotional distress, annoyance, and aggravation, and humiliation" repeated in Counts I and II.  Defendant has since withdrawn its challenge to Count I.  It maintains, however, that the claimed damages for emotional distress, annoyance, aggravation and humiliation asserted under Counts I and II are not permitted under the WVCCPA.

**Standard of Review**

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face'" *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twonbly*, 550 U.S. at 555.  In evaluating the complaint, the Court will "construe the factual allegations 'in the light most favorable to the plaintiff'." *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quoting *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1062 (4th Cir. 1984).

## Analysis

Plaintiff's claims arise under the WVCCPA. Pursuant to W.Va. Code § 46A-5-101(1),

> If a creditor has violated the provisions of this chapter . . . the consumer has a cause of action to recover actual damages and in addition a right to recover from the person violating this chapter a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars.

The availability of damages for emotional distress, annoyance, aggravation and humiliation will depend upon the evidence and cannot be determined at this stage of the proceedings. If Plaintiffs are able to prove actual damages in these categories, they will be permitted to recover. If not, recovery shall be precluded.

## Conclusion

For the reasons explained more fully above, Defendant JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 24) is **DENIED**. Defendant has withdrawn its challenge to Count I and the Court finds that the availability of damages for emotional distress, aggravation, annoyance, and humiliation cannot be determined in the absence of an evidentiary record.

ENTER: July 16, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE